Philip S. Rosen, Esq.
Daniel Park, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400
prosen@zeklaw.com
dpark@zeklaw.com

Attorneys for Plaintiff
  *Citibank, N.A.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIBANK, N.A.,<br><br>                              Plaintiff,<br><br>- against -<br><br>CMT PROPERTIES, LLC, CREATIVE MOBILE TECHNOLOGIES, LLC, RONALD SHERMAN,<br><br>                              Defendants. | Case No.:<br><br><br><br><br>**COMPLAINT** |

Plaintiff Citibank, N.A., by its attorneys, Zeichner Ellman & Krause LLP, for its complaint alleges, upon information and belief, as follows:

**NATURE OF THE ACTION**

1. This is an action by Plaintiff against Obligors (hereafter defined) to recover under a certain Note (hereafter defined) the unpaid principal amount of $10,002,837.18, plus accrued interest, default interest, fees, and the costs and expenses associated with collection and to recover amounts due or to become due during the pendency of this action under a certain Guaranty (hereafter defined).

2. Borrower (hereafter defined) has failed and refused to pay its obligations to Plaintiff.

3. Guarantors (hereafter defined) have failed and refused to pay their obligations to Plaintiff.

## THE PARTIES

4. Plaintiff Citibank, N.A. ("**Plaintiff**" or "**Citibank**") is a national banking association with a main office, as set forth in its articles of association, located in Sioux Falls, South Dakota and with a place of business at 6801 Colwell Boulevard, Irving, Texas 75039. Citibank is a citizen of South Dakota. Citibank is also the owner and holder of the Note and Guaranty hereafter defined.

5. Defendant CMT Properties, LLC ("**CMT**") is a limited liability company organized under the laws of the State of New York with an address at 42-32 21st Street, Long Island City, New York 11101.

6. CMT shall be referred to herein as the "**Borrower**," and is named as a defendant because it is the maker of the Note (hereafter defined).

7. CMT is comprised of five members: (1) Ronald Sherman, (2) Despina Konstantinides, (3) Daphne Konstantinides, (4) Jason Poliner, and (5) Savas Konstantinides 2012 Family Trust (the "Konstantinides Trust").

8. Defendant Ronald Sherman ("**Sherman**") is a citizen of the state of New Jersey with an address at 295 Highwood Ave, Tenafly, New Jersey 07670. Sherman is named as a defendant because of his obligations to Citibank arising out of the Guaranty of All Liability (hereafter defined) executed and delivered to Citibank.

9. Despina Konstantinides as a member of defendant CMT is a citizen of the state of New York with an address at 10 Merrivale Road, Great Neck, New York 11021.

10. Daphne Konstantinides as a member of defendant CMT is a citizen of the state of New York with an address at 18 215th Street, Apt 14D, Bayside, New York 11360.

11. Jason Poliner as a member of defendant CMT is a citizen of the state of Connecticut with an address at 7 High Point Road, Westport, Connecticut 06880.

12. Spiridon Apostolatos is the trustee of the Konstantinides Trust, a member of defendant CMT, and a citizen of the state of New York with an address at 2 Ursuline Court, Oyster Bay, New York 11771.

13. Defendant Creative Mobile Technologies, LLC ("**Creative**") is a limited liability company organized under the laws of the State of New York with an address at 42-32 21st Street, Long Island City, New York 11101 and a citizen of New

York. Creative is named as a defendant because of its obligations to Citibank arising out of the Guaranty of All Liability (hereafter defined) executed and delivered to Citibank.

14. Sherman and Creative shall be referred to as "**Guarantors**," and together with Borrower are referred to collectively as "**Obligors**."

15. Creative is comprised of four members: (1) Ronald Sherman, (2) Savas Konstantinides, (3) Jason Poliner, and (4) the Konstantinides Trust.

16. Savas Konstantinides as a member of defendant Creative is a citizen of the state of New York with an address at 10 Merrivale Road, Great Neck, New York 11021.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

18. This Court has personal jurisdiction over defendants because each defendant agreed in writing to submit to the jurisdiction of this Court pursuant to the express terms and provisions of the Loan Documents (hereafter defined).

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in

this district, and because defendants agreed in writing to venue in this district pursuant to the express terms and provisions of the Loan Documents (hereafter defined).

## THE FACTS

20. Borrower, in connection with executing certain mortgages and a consolidation, modification, extension and spreader agreement in favor of Citibank, executed and delivered to Citibank a certain Amended and Restated Note, dated as of October 19, 2017, by which Borrower promised to pay to the order of Citibank the principal amount of $11,600,000.00 at an interest rate of 3.880% per annum (as the same may have been modified, extended, renewed, consolidated, and amended, the "**Note**"). A late payment of 4% of any principal or interest payment made more than 15 days after the due date thereof shall be due (the "**Late Fees**"). Upon stated or accelerated maturity of the Note, Borrower agreed to a default interest rate of 3% per annum in excess of the interest rate (the "**Default Interest Rate**"). The Note amended and restated prior promissory notes which had been assigned and/or endorsed to Citibank. Citibank is the owner and holder of the Note and each of the underlying notes consolidated thereby.

21. Pursuant to that certain Guaranty of All Liability dated as of October 19, 2017 (as the same may be modified, extended, renewed, consolidated, and amended, the "**Guaranty**"), Guarantors unconditionally and irrevocably guaranteed to Citibank the full and punctual payment by Borrower, when due, whether at the stated

due date, by acceleration or otherwise of all Obligations (as defined in the Guaranty) of Borrower, howsoever created, arising or evidenced, voluntarily, whether direct or indirect, absolute or contingent then or thereafter existing or owing to Citibank, including without limitation amounts due under the Note. The Guaranty defines the term Obligations to include all amounts due to Citibank under the Note and all other obligations, liabilities, or indebtedness of Borrower to Citibank, including without limitation all amounts due to Citibank under the Loan Documents (hereafter defined) (the "**Obligations**").

22. The Note, Guaranty and any other documents executed and/or delivered in connection with the Obligations are hereinafter referred to as the "**Loan Documents**."

23. Borrower failed and refused to make payments of principal and interest due to Citibank under the Note when due and payable on July 19, 2020 and August 19, 2020 (the "**Required Payments**") which constituted an Event of Default (the "**Payment Default**").

24. By Notice of Default and Demand for Payment dated September 10, 2020 (the "**Demand Letter**"), addressed to Borrower, with a copy to Guarantors, Citibank, through counsel, gave notice of the Payment Default and advised Borrower that unless Borrower paid Citibank the Required Payments by September 15, 2020, together with late fees, costs and expenses for collection, Citibank reserved the

right, *inter alia*, to take appropriate legal steps to protect its rights, including, without limitation, its right to declare the entire outstanding balance of the Note to be immediately due and payable.

25. Borrower and Guarantors failed and refused to make the Required Payments, despite the Demand Letter and remain in default.

26. No prior action seeking the same relief sought herein has been commenced.

27. Citibank is the owner and holder of each of the Loan Documents and has possession of the Loan Documents.

### FIRST CAUSE OF ACTION
**(Breach of the Note)**

28. Citibank repeats and realleges the allegations contained in paragraphs 1 through 27 as if set forth in their entirety.

29. Borrower failed to pay the Required Payments.

30. Accordingly, pursuant to the Note, Citibank hereby elects to accelerate all amounts due and owing under the Note, together with accrued but unpaid interest at the Default Interest Rate as provided in the Note, applicable late fees, and all costs and expenses for enforcement and collection.

31. As of May 1, 2022, Borrower owes Plaintiff the amount of $11,164,038.92, comprised of the unpaid principal amount of $10,002,837.18, accrued interest of $634,991.22, default interest at the Default Interest Rate of $465,965.47, Late Fees of $60,245.05 (the "**Outstanding Debt**"), and interest accruing thereafter at the Default Interest Rate.

32. The Note provides that Borrower waives presentment for payment, demand, protest, notice of protest, and notice of dishonor. Nevertheless, Plaintiff provided notice to Borrower by the Demand Letter and Borrower has failed and refused to cure its default.

33. Accordingly, Plaintiff is entitled to judgment against Borrower for the Outstanding Debt plus interest accruing at the Default Interest Rate.

## SECOND CAUSE OF ACTION
(Breach of the Guaranty)

34. Citibank repeats and realleges the allegations contained in paragraphs 1 through 33 as if set forth in their entirety.

35. Pursuant to the Guaranty, Guarantors each unconditionally agreed to pay the Outstanding Debt upon Borrower's default.

36. Each Guarantor owes Plaintiff the Outstanding Debt on account of Borrower's default plus any other amounts accruing under the Loan Documents or otherwise payable under the Guaranty.

37. To date, each Guarantor has failed and refused to pay the Outstanding Debt.

38. Accordingly, Plaintiff is entitled to judgment against each Guarantor for the Outstanding Debt plus interest accruing at the Default Interest Rate plus any other amounts accruing under the Loan Documents.

### THIRD CAUSE OF ACTION
**(Attorneys' Fees and Costs)**

39. Citibank repeats and realleges the allegations contained in paragraphs 1 through 38 as if set forth in their entirety.

40. Pursuant to the Loan Documents, Obligors each agreed to pay Plaintiff's fees, costs, expenses and disbursements, including attorneys' fees, incurred to enforce and protect Plaintiff's rights under the Loan Documents.

41. By virtue of the foregoing, Plaintiff is entitled to judgment against Obligors, jointly and severally, for its costs, fees, expenses and disbursements, including reasonable attorneys' fees, incurred to enforce and protect Plaintiff's rights under the Loan Documents in an amount to be determined.

WHEREFORE, Citibank demands judgment against defendants on its Causes of Action as follows:

(a) on the first cause of action, against defendant CMT Properties, LLC for the Outstanding Debt in the amount of $11,164,038.92, comprised of the unpaid principal amount of $10,002,837.18, accrued interest of $634,991.22, default interest at the Default Interest Rate of $465,965.47, Late Fees of $60,245.05 and interest accruing thereon at the Default Interest Rate.

(b) on the second cause of action, against defendants Creative Mobile Technologies, LLC and Ronald Sherman for the Outstanding Debt in the amount of $11,164,038.92, comprised of the unpaid principal amount of $10,002,837.18, accrued interest of $634,991.22, default interest at the Default Interest Rate of $465,965.47, Late Fees of $60,245.05 plus any additional amounts accruing under the Loan Documents or otherwise payable under the Guaranty through the date of Judgment, together with interest thereon at the Default Interest Rate.

(c) on the third cause of action, against all defendants for collection expenses, including attorneys' fees, expenses and disbursements, in an amount to be determined; and

   (d) for such other and further relief as the Court deems just and proper.

Dated: May 5, 2022
   New York, New York

                 Z<small>EICHNER</small> E<small>LLMAN</small> & K<small>RAUSE</small> LLP

                By: */s/Philip S. Rosen*
                  Philip S. Rosen, Esq.
                  Daniel Park, Esq.
                  *Attorneys for Plaintiff Citibank, N.A.*
                  1211 Avenue of the Americas, 40th Fl.
                  New York, New York 10036
                  (212) 223-0400
                  prosen@zeklaw.com
                  dpark@zeklaw.com

## VERIFICATION

STATE OF <u>Missouri</u>,
COUNTY OF <u>Saint Louis</u>.

<u>Scott D. Terrill</u>, being duly sworn, says that (s)he is a <u>Attorney in Fact</u> of Citibank, N.A. and is authorized to execute this Verification on behalf of Citibank, N.A., plaintiff named in the foregoing verified complaint; that he/she/they has read the foregoing complaint and that the complaint is true to his/her/their own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters, he/she/they believes them to be true.

x _____
[NAME]
Scott Terrill
Attorney in Fact

Sworn to before me this
<u>5</u> day of <u>May</u>, 2022

_Francene M Mertens_
Notary Public

```
FRANCENE M. MERTENS
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 13709874
My Commission Expires Jun 30, 2025
```

4866-2037-9673, v. 6