UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CITIBANK, N.A.,

                        Plaintiff,

-against-

CMT PROPERTIES, LLC, CREATIVE MOBILE TECHNOLOGIES, LLC, and RONALD SHERMAN,

                        Defendants.

Case No. 2:22-cv-02708-GRB-AYS

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant CMT Properties, LLC, by its attorneys, Kudman Trachten Aloe Posner LLP, and defendants Creative Mobile Technologies, LLC, and Ronald Sherman, by their attorneys, Rosenberg Calica & Birney LLP, answer the amended complaint of plaintiff Citibank, N.A., as follows:

## NATURE OF THE ACTION

1. Defendants deny the allegations contained in paragraph 1.

2. Defendants deny the allegations contained in paragraph 2.

3. Defendants deny the allegations contained in paragraph 3.

## THE PARTIES

4. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Defendants admit the allegations contained in paragraph 5, except deny that CMT's business address is 42-32 21st Street, Long Island City, New York 11101.

6. Paragraph 6 states a defined term to which no response is required. To the extent that paragraph 6 states factual allegations, defendants deny the allegations.

7. Defendants admit the allegations contained in paragraph 7.

8. Defendants admit that Sherman is a citizen of the state of New Jersey with an address at 295 Highwood Ave, Tenafly, New Jersey 07670, and deny the remainder of the allegations contained in paragraph 8.

9. Defendants admit the allegations contained in paragraph 9.

10. Defendants admit the allegations contained in paragraph 10.

11. Defendants admit the allegations contained in paragraph 11.

12. Defendants admit the allegations contained in paragraph 12.

13. Defendants admit that Creative is a limited liability company organized under the laws of the State of New York with an address at 42-32 21st Street, Long Island City, New York 11101, and deny the remainder of the allegations contained in paragraph 13.

14. Paragraph 14 states a defined term to which no response is required. To the extent that paragraph 14 states factual allegations, defendants deny the allegations.

15. Defendants admit the allegations contained in paragraph 15.

16. Defendants admit the allegations contained in paragraph 16.

## JURISDICTION AND VENUE

17. Paragraph 17 states a legal conclusion to which no response is required. To the extent that paragraph 17 states factual allegations, defendants deny the allegations.

18. Paragraph 18 states a legal conclusion to which no response is required. To the extent that the allegations contained in paragraph 18 refer to certain documents, defendants respectfully refer the Court to those documents for complete and accurate recitations of their contents, and otherwise deny the allegations contained in paragraph 18.

19. Paragraph 19 states a legal conclusion to which no response is required. To the extent that the allegations contained in paragraph 19 refer to certain documents, defendants

respectfully refer the Court to those documents for complete and accurate recitations of their contents, and otherwise deny the allegations contained in paragraph 19.

## THE FACTS

20. To the extent that the allegations contained in paragraph 20 refer to certain documents, defendants respectfully refer the Court to those documents for complete and accurate recitations of their contents, and otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. To the extent that the allegations contained in paragraph 21 refer to certain documents, defendants respectfully refer the Court to those documents for complete and accurate recitations of their contents, and otherwise deny the allegations contained in paragraph 21.

22. To the extent that the allegations contained in paragraph 22 refers to a particular document, defendants respectfully refer the Court to that document for a complete and accurate recitations of its contents, and otherwise deny the allegations contained in paragraph 22.

23. Paragraph 23 states a defined term to which no response is required. To the extent that paragraph 23 states factual allegations, defendants deny the allegations.

24. Defendants deny the allegations contained in paragraph 24.

25. To the extent that the allegations contained in paragraph 25 refer to a particular document, defendants respectfully refer the Court to that document for a complete and accurate recitation of its contents, and otherwise deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

## FIRST CAUSE OF ACTION
### (Breach of the Note)

29. Defendants restate and incorporate their responses to the preceding allegations referenced in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31, except admit that at no time prior to the commencement of this action did plaintiff ever purport to accelerate all amounts due and owing under the Note.

32. Defendants deny the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

## SECOND CAUSE OF ACTION
### (Breach of the Guaranty)

35. Defendants restate and incorporate their responses to the preceding allegations referenced in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38.

39. Defendants deny the allegations contained in paragraph 39.

## THIRD CAUSE OF ACTION
### (Attorneys' Fees and Costs)

40. Defendants restate and incorporate their responses to the preceding allegations referenced in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

## FIRST AFFIRMATIVE DEFENSE
### (Documentary Evidence)

43. Plaintiff's claims are barred by documentary evidence.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Properly Serve Predicate Notices)

44. Plaintiff's claims are barred because it failed to properly serve defendants with the required predicate notices in accordance with the terms of the Loan Documents.

## THIRD AFFIRMATIVE DEFENSE
### (Consent)

45. Plaintiff's claims are barred in whole or in part because of ratification, agreement, acquiescence, or consent.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

46. Plaintiff's claims are barred by virtue of its conduct constituting one or more waivers.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

47. Plaintiff is estopped from seeking recovery on its claims against defendants based on its own actions and conduct.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

48. Plaintiff fails to state a claim against defendants upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE
### (Standing)

49. Plaintiff lacks standing to maintain the claims alleged against defendants.

## EIGHTH AFFIRMATIVE DEFENSE
### (Bad Faith)

50. Plaintiff's claims are barred based on its own conduct being in bad faith.

## NINTH AFFIRMATIVE DEFENSE
### (Duplicative Causes of Action)

51. Plaintiff's claims are barred to the extent that they are duplicative of others and would expose defendants to the possibility of multiple recoveries.

## TENTH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees or Costs)

52. Plaintiff fails to state a claim against defendants upon which attorneys' fees or costs can be awarded.

## JURY TRIAL DEMAND

53. Defendants demand a trial by jury on all issues in this action.

**WHEREFORE**, defendants demand judgment in their favor as follows:

a) dismissing all causes of action asserted against them in the amended complaint;

b) awarding reasonable attorneys' fees, costs, disbursements, and expenses; and

c) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 3, 2022

By: */s/ Paul H. Aloe*
Paul H. Aloe
David Saponara
KUDMAN TRACHTEN ALOE POSNER LLP
800 Third Avenue, 11th Floor
New York, New York 10022
Tel: (212) 868-1010
paloe@kudmanlaw.com
dsaponara@kudmanlaw.com

*Attorneys for Defendant
CMT Properties, LLC*

By: */s/ Ronald J. Rosenberg*
Ronald J. Rosenberg
ROSENBERG CALICA & BIRNEY LLP
100 Garden City Plaza, Suite 408
Garden City, New York 11530
Tel: (516) 747-7400
ron@rcblaw.com

*Attorneys for Defendants Creative Mobile Technologies, LLC, and Ronald Sherman*